IN the MATTER OF the COMPLAINT AGAINST The Honorable Urban P. VAN SUSTEREN, Circuit Judge, Branch 2, Outagamie County, Wisconsin.

Supreme Court

*No. 83–658–J. Argued May 30, 1984.—Decided June 6, 1984.*
(Also reported in 348 N.W.2d 579.)

For the Judicial Commission there was a brief and oral argument by *Frank M. Tuerkheimer,* Madison.

For the respondent, Judge Urban P. Van Susteren, there was a brief by *James R. Long,* Appleton, and oral argument by *Mr. Long* and *Judge Van Susteren.*

PER CURIAM. *Judicial disciplinary proceeding; judge suspended from office.*

We review, pursuant to sec. 757.91, Stats., the findings of fact, conclusions of law and recommendation of the judicial conduct panel in the judicial disciplinary proceeding brought by the Judicial Commission against Urban P. Van Susteren, Circuit Judge for Outagamie county, for his alleged willful violations of the rules of the Code of Judicial Ethics and persistent failure to perform official duties. The panel has recommended that Judge Van Susteren be suspended from office for two

years, retroactive to March 8, 1983,[1] for his persistent failure to organize his court and supervise its personnel for the prompt and convenient disposition of court business, his failure to perform his duties as personal representative in two probate estates, his failure to comply with a circuit court order in one of those estates, his failure to issue orders to show cause in dormant estates, as required by sec. 863.35(1), and his failure to timely file state income and corporate franchise tax returns. The panel's recommendation is also based on its conclusion that Judge Van Susteren failed to perform his official duty to decide cases pending in his court within the time period specified in sec. 757.025, and to file affidavits concerning the status of pending cases as required by that statute, but we dismissed that charge in our May 30, 1984, order on the basis of our decision filed on that date holding sec. 757.025, unconstitutional as purporting to establish official judicial duties. *In the Matter of the Complaint Against The Honorable Warren A. Grady, Circuit Judge,* Case No. 82–2234–J, decided May 30, 1984.

With the exception of those regarding Judge Van Susteren's failure to comply with sec. 757.025, Stats., we accept the panel's findings, conclusions and recommendation for discipline, but we do not accept its recommendation that the two-year suspension be retroactive to the date on which we exercised our superintending and administrative authority, Art. VII, sec. 3(1), Wis. Const., to prohibit Judge Van Susteren from exercising the powers of a circuit court judge while criminal misdemeanor charges were pending against him. We de-

---

[1] On that date, following a hearing on our order to show cause issued after Judge Van Susteren had been charged in Dane county circuit court with five criminal misdemeanor counts of failing to timely file tax returns, we prohibited the judge from acting in his judicial capacity while those charges were pending and until further order of the court.

termine that a two-year suspension from office without compensation is appropriate discipline for Judge Van Susteren's misconduct. That period of suspension commenced May 30, 1984, when, upon completion of the judicial disciplinary proceeding, we ordered the immediate suspension of Judge Van Susteren from office without compensation, leaving the length of that suspension to be established in an opinion and order to be filed.

This proceeding was commenced on April 11, 1983, by the Judicial Commission's filing of a complaint charging Judge Van Susteren with seven counts of judicial misconduct.[2] The panel's findings of fact as to each count were based on the testimony elicited at the disciplinary hearing and on two stipulations of the parties, and the parties do not contest them. As to each count, the panel concluded that Judge Van Susteren engaged in misconduct; Judge Van Susteren challenges those conclusions.

On the first count, the panel found that from February 1, 1965, to March 8, 1983, while serving as judge for Outagamie county, Judge Van Susteren had exclusive

---

[2] In the context of judicial discipline, sec. 757.81(4), Stats., defines "misconduct" to include:

"(a) Wilful violation of a rule of the code of judicial ethics.

"(b) Wilful or persistent failure to perform official duties."

The Code of Judicial Ethics, SCR chapter 60, prescribes standards of judicial conduct, including:

"SCR 60.01(4) A judge should be prompt in the performance of his or her duties, recognizing that the time of litigants, jurors, witnesses and attorneys is of value. A judge should organize his or her court and supervise the personnel under his or her charge so that the business of the court is dispatched with promptness and convenience."

That Code also establishes rules of judicial conduct, which are "of sufficient gravity to warrant sanctions if they are not obeyed," SCR 60.02, including:

"SCR 60.13 A judge shall not indulge in gross personal misconduct."

"SCR 60.17 An aggravated and persistent failure to comply with the standards of SCR 60.01 is a rule violation."

responsibility for all formal probate matters, except for those specifically assigned to other judges. During that time Judge Van Susteren did not give any instructions to court personnel under his supervision concerning how to ensure that probate matters did not become delinquent, nor did he take any steps himself to deal with dormant estates. The record reveals that as of January 13, 1983, there were over 100 dormant estates, 25 of which had been initiated prior to 1970. Although since 1973 the probate office in the court maintained a list of estates not closed within the statutory time period, sec. 863.35 (1), Stats., and beginning in 1981 sent cautionary letters to attorneys handling dormant estates, Judge Van Susteren was not aware of these procedures. The panel concluded that Judge Van Susteren's persistent failure to organize his court and supervise its personnel for the prompt and convenient disposition of judicial business violated SCR 60.01(4) and SCR 60.17, thereby constituting judicial misconduct, as defined in sec. 757.81 (4)(a).

On the second count, the panel found that Judge Van Susteren persistently failed to comply with sec. 863.35 (1), Stats., requiring a judge to issue an order to the attorney and personal representative in an estate open for more than 18 months (prior to 1973 the period was three years) to show cause why final judgment in the estate has not been entered.[3] As of January 13, 1983, Judge Van Susteren had not complied with that statute in 118 probate matters, and an investigation of a randomly

---

[3] Section 863.35(1), Stats., provides:

"**Dormant estates.** If under formal administration final judgment is not entered in an estate within 18 months after filing of the petition for administration and the estate is not open pursuant to an order extending time, the judge shall order the attorney and the personal representative for the estate to show cause why final judgment has not been entered and shall proceed under s. 857.09."

selected 15-month period revealed an additional 16 probate matters that had been open beyond the statutory period and in which Judge Van Susteren had not complied with the statute. The panel concluded that Judge Van Susteren thereby persistently failed to perform official duties, defined as misconduct in sec. 757.81 (4) (b).

The third count of the Judicial Commission's complaint concerned Judge Van Susteren's failure to comply with sec. 757.025, Stats., requiring a judge to decide cases within a specified time period and certify by affidavit the status of pending cases in order to draw salary. We held that statute unconstitutional, *In the Matter of the Complaint Against The Honorable Warren A. Grady, Circuit Judge,* Case No. 82–2234–J, decided May 30, 1984; accordingly, this count was dismissed.

Counts four and five concerned Judge Van Susteren's activities as personal representative in the probate of two estates. In the first of these, the judge, acting in his individual capacity and not as a judge, was appointed personal representative on August 24, 1965. From 1967 onward the closing of that estate depended upon a determination of the estate's tax obligations, but Judge Van Susteren did not respond to numerous requests over the years from the Wisconsin Department of Revenue to resolve the tax obligations, nor did he act on those requests, with the result that, as of July 15, 1983, those tax obligations still had not been resolved. Further, he took no action to have a judge assigned to the estate to conduct a final hearing to determine any inheritance tax due and took no significant action with respect to the estate at all, not even to seek an extension of time to complete the administration of the estate.

In the second probate matter, the estate of his brother, Judge Van Susteren was appointed personal representative in December, 1964. While serving as personal repre-

sentative, he neither completed the administration of that estate nor applied for an order extending the time to do so. Prior to his resignation from that position on January 31, 1979, he failed to respond to requests from the Wisconsin Department of Revenue to determine the inheritance tax due in the estate and did not seek a hearing to determine any inheritance tax due and close the estate. The panel concluded that Judge Van Susteren's failure to perform the duties of personal representative in the two estates was gross personal misconduct, in violation of SCR 60.13, thereby constituting misconduct, as defined in sec. 757.81 (4) (a), Stats.

The sixth count of misconduct also concerned Judge Van Susteren's conduct as personal representative in his brother's estate. Despite the statutory requirement that every personal representative file in court a verified account of his administration when submitting an application to resign, sec. 862.01 (3), Stats., Judge Van Susteren filed no such account with his resignation as personal representative on January 31, 1979. In June of that year, the attorney for the successor personal representative petitioned the court for an order directing Judge Van Susteren to file a verified final account for the period of his administration of the estate, and the circuit judge issued an order on June 28, 1979, directing Judge Van Susteren to do so within 30 days of service of the order. The order was served on Judge Van Susteren on July 3, 1979, but he did not comply with that order. He had not advised the judge of any opposition to the application for the order prior to its entry, and after the order was issued, he took no steps to have it modified. Judge Van Susteren ultimately filed a final verified account on July 13, 1983, after this disciplinary proceeding had been commenced. The panel concluded that by failing to comply with the court's order, Judge Van Susteren engaged in gross personal misconduct, in violation

of SCR 60.13, which constituted misconduct, as defined in sec. 757.81(4)(a).

The seventh count of misconduct concerned Judge Van Susteren's failure to timely file state individual income tax returns for calendar years 1979, 1980 and 1981, as required by sec. 71.10(2), Stats., and, as officer and stockholder of Westgate Motel Corporation, to timely file state corporate franchise tax returns on behalf of that corporation for calendar years 1979 and 1980, as required by sec. 71.10(1). He applied for an extension of time to file for only the 1979 individual income and corporate franchise tax returns. On February 24, 1983, Judge Van Susteren was charged in Dane county circuit court with five criminal misdemeanor counts of violating sec. 71.11(41), for his willful failure to timely file the five tax returns. He was found guilty on all five counts and was fined $500 on each count and assessed $395 in penalties and costs. The judgment of conviction was affirmed by the court of appeals on February 24, 1984, and a petition to review the court of appeals decision was denied on May 1, 1984. The panel concluded that Judge Van Susteren's failure to timely file the five tax returns constituted gross personal misconduct, in violation of SCR 60.13, and misconduct, as defined in sec. 757.81(4)(a).

While he does not contest the panel's findings of fact, Judge Van Susteren contends that his conduct did not constitute judicial misconduct. He claims the probate business of his court was disposed of promptly and efficiently without the need of his intervention and supervision and that he was unaware of the statutory requirement to issue orders to show cause in dormant estates. He takes the position that because no complaint was made by any heir in any of the dormant estates and because it has not been shown that any of those estates would have been closed sooner if he had issued orders to

show cause, the panel's conclusion that he engaged in misconduct is unwarranted.

■

Those contentions are without merit. The large number of probate cases pending in his court well beyond the statutory time period, as well as his admitted failure to comply with the statutory requirement to issue orders to show cause in dormant estates, clearly establishes Judge Van Susteren's persistent failure to organize his court, supervise court personnel, and perform his official duty to take steps to ensure the prompt completion of probate matters. His persistent failure to do what was required of him in his judicial capacity to promote the prompt and efficient disposition of the business of his court is judicial misconduct.

■

Concerning his conduct as personal representative in the two probate estates pending before other judges, Judge Van Susteren contends that, no matter how long he might have delayed the completion of those estates, his conduct could not reach the level of "gross personal misconduct." Had he not been the judge exclusively responsible for matters brought to probate court during the time he acted as personal representative in these two estates, his contention might have some merit. However, he delayed the completion of two probate estates, one for 18 years or more, the other for some 15 years, while as judge he had the official duty to ensure that probate matters pending in his court were promptly completed. In so doing, he engaged in conduct which he, as judge, ought not to have tolerated in others and, indeed, conduct which he had the official duty to prevent.

Judge Van Susteren also maintains that his failure to comply with the circuit court's order to file a final verified account in his brother's estate does not constitute gross personal misconduct. He argues that the assigned judge could have but did not take available means to en-

force his order, and he claims he told the assigned judge at the time that he was unable to locate records needed to prepare the account. The first argument is without merit, for the fact that the assigned judge took no steps to enforce his order in no way lessens the seriousness of Judge Van Susteren's failure to comply with the order. With regard to the second argument, the record shows that the conversation Judge Van Susteren claims to have had with the assigned judge took place prior to the order to file a final verified account and not thereafter.

Judge Van Susteren's position that his failure to obey a court order does not constitute gross personal misconduct is indefensible. It is elementary and essential to the effective functioning of our judicial system that court orders be obeyed. That a judge, even though acting in a private capacity as court-appointed personal representative in a probate estate, should ignore an order of the court directing him to take appropriate steps in the probate of that estate is inexcusable. It demonstrates Judge Van Susteren's disdain, if not outright contempt, for the very system which he, as judge, has sworn to administer.

With regard to his failure to timely file tax returns, Judge Van Susteren attempts to ameliorate the gravity of his conduct by citing the fact that he has paid all tax due, as well as interest and penalties. He contends that failure to file tax returns on the due date, but paying all tax, penalties and interest, is not gross personal misconduct. Further, he takes the position that because the statute defining judicial misconduct includes "conviction of a felony," sec. 757.81 (4) (d), Stats., it is implicit that his conviction of five criminal misdemeanor counts does not constitute misconduct. We find this argument unpersuasive and without merit.

In its report, the panel stated that it considered Judge Van Susteren's failure to timely file tax returns his "most

serious misconduct." We agree. Not only did Judge Van Susteren fail to timely file his returns, but in the course of continued communication from the state revenue department, he failed to respond to several letters requesting and reminding him to file the returns, and he did not file one of the returns on the date he and the department had agreed upon. Judge Van Susteren's attempt to justify his failure to timely file the returns as the result of the "press of court business" and his belief that he owed no tax is, at best, feeble.

By persistently failing to timely file his tax returns, Judge Van Susteren has put himself above the law, the law which he has sworn to support.[4] His offense is exacerbated by the fact that he himself is a public servant, an officer of the state, whose salary is paid with tax revenue. It is incongruous that a person in his position should repeatedly display such a cavalier attitude toward the law and toward the obligation of all citizens to support their government.

This is not to say that his other conduct is not serious. The panel's recommendation for discipline is explicitly premised on the totality of his misconduct:

"Besides the failure to file the income tax returns, respondent has engaged in other misconduct which, standing alone, would not warrant suspension, but taken together demonstrate a pattern of misconduct in office. The pattern suggests the respondent has placed himself above the very process which he is to administer."

[4] Sec. 757.02(1), Stats., prescribes the oath every judge in the State of Wisconsin is required to take, subscribe and file:

"I, the undersigned, who have been elected (or appointed) to the office of ———, but have not yet entered upon the duties thereof, do solemnly swear that I will support the constitution of the United States and the constitution of the state of Wisconsin; that I will administer justice without respect to persons and will faithfully and impartially discharge the duties of said office to the best of my ability. So help me God."

In making its recommendation for discipline, the panel noted that Judge Van Susteren had been previously reprimanded for misconduct, namely, having engaged in the practice of law while a judge by assisting a private individual in drafting a contract for the purchase of a business. *In re Van Susteren,* 82 Wis. 2d 307 (1978). That prior discipline makes it clear that, in the panel's words, the judge "is not unmindful of the requirements of the Code of Judicial Ethics." The panel also considered facts in mitigation of Judge Van Susteren's misconduct, namely, that he has performed his share of the workload of the circuit court for his county, has performed extra duties on request, was available for emergencies, and, generally over the 18 years he has served on the bench, has performed all of the duties expected of him.

The panel recommended retroactive application of a two-year suspension from office because of Judge Van Susteren's age, 69, and the expiration of his current term, July 31, 1985. "The panel concluded that a period of suspension in excess of two years would be the equivalent of removal from office." In recommending a retroactive suspension from office, the panel specified that compensation should be withheld only from the date of our order imposing the suspension, not from the retroactive date of its commencement. We agree with the panel that Judge Van Susteren's misconduct merits a two-year suspension, but we disagree that the suspension should be retroactive.

After Judge Van Susteren had been charged in circuit court with five counts of having failed to timely file tax returns, we exercised our administrative authority to prohibit him from acting in his judicial capacity while those charges were pending. In so doing, we were not disciplining the judge for his conduct; rather, we acted to preserve the integrity of the judicial system by avoiding

the unseemly situation of having a person charged with criminal violations sitting as a judge of one of our courts. We neither prohibited the judge from receiving compensation while our order was in effect nor withheld that compensation pending the outcome of the criminal proceeding. Also, at the time of our order the criminal charges had not run their course on appeal and review.

It was not until the judicial disciplinary proceeding was completed that we ordered the immediate suspension of Judge Van Susteren from office without compensation. That suspension was imposed as discipline for judicial misconduct on the basis of the record in this proceeding, the panel's report, and the parties' briefs and oral presentations in response to that report. We stated in our May 30, 1984, order that we would file an opinion and order establishing the length of that suspension. We hereby do so.

As discipline for his persistent failure to organize his court and supervise its personnel for the prompt and convenient disposition of court business, his failure to perform his duties as personal representative in two estates, his failure to comply with a court order in one of those estates, his failure to issue orders to show cause in dormant estates, as required by sec. 863.35(1), Stats., and his failure to timely file income tax and corporate franchise tax returns, it is ordered that Urban P. Van Susteren, Circuit Judge for Outagamie county, is suspended from the office of circuit judge without compensation and prohibited from exercising any of the powers or duties of a circuit judge in Wisconsin for a period of two years, commencing May 30, 1984.