IN the MATTER OF JUDICIAL DISCIPLINARY
PROCEEDINGS AGAINST the Honorable Glenn
STAEGE, Municipal Judge.

Supreme Court

*No. 90-1508-J. Submitted on briefs October 30, 1991.—Decided
November 27, 1991.*

(Also reported in 476 N.W.2d 876.)

For the Judicial Commission there was a brief filed by *James C. Alexander,* Madison.

For Glenn Staege there was a brief filed by *William D. Whitnall,* Ripon.

PER CURIAM. *Judicial disciplinary proceeding; former municipal judge suspended from eligibility for office.*

This is a review of the findings of fact and conclusions of law of the judicial conduct panel that Glenn Staege, former municipal judge for the Town of Raymond in Racine county, engaged in judicial misconduct by his persistent contempt of the circuit court for failure to obey that court's order to clean up his property. As discipline for that misconduct, the panel recommended that the court suspend Mr. Staege from eligibility for the position of municipal judge for a period of five years.

We adopt the judicial conduct panel's findings of fact, which were based on admissions incorporated in a stipulation in the course of this proceeding. We also adopt the panel's conclusion that Judge Staege's contempt of the circuit court constituted gross personal misconduct, in violation of SCR 60.13,[1] which in turn constituted judicial misconduct as defined in sec. 757.81(4)(a), Stats.[2] Contrary to the panel's recommendation, we determine that a three-year suspension from eligibility for the position of municipal judge is appropriate discipline for Judge Staege's misconduct.

Mr. Staege, who is not an attorney, was elected municipal judge for the Town of Raymond and served from May 1, 1989 until the court temporarily suspended him from exercising the powers of a judge on September 7, 1990, pending final determination of this proceeding. At the time of the temporary suspension, Judge Staege was incarcerated in the Racine county jail for contempt

---

[1] SCR 60.13 provides: "**Misconduct.** A judge shall not indulge in gross personal misconduct."

[2] Section 757.81, Stats., provides: "**Definitions.** In ss. 757.81 to 757.99: . . . (4) 'Misconduct' includes any of the following: (a) Wilful violation of a rule of the code of judicial ethics."

of the circuit court. His term as municipal judge expired April 30, 1991 and he no longer serves in that office.

Based on a stipulation of the parties and the testimony at a hearing, the judicial conduct panel, consisting of the Honorables William Moser, Michael T. Sullivan and Ralph Adam Fine of the court of appeals, made the following findings of fact. On January 7, 1986, prior to his becoming municipal judge, the circuit court for Racine county found Mr. Staege in violation of a county zoning ordinance by the "unauthorized storage of junk" on his property. The court assessed a forfeiture and ordered him to remove the material and return his property to the condition it was in on February 1, 1972, namely, a condition sufficiently clear to allow for plowing and planting of crops, as the property was zoned agricultural. Mr. Staege appealed and the court of appeals affirmed the circuit court.

On June 14, 1988 the circuit court found that Mr. Staege was not in compliance with its order and subsequently, on January 13, 1989, found him in contempt of court. The court continued the forfeitures it had imposed and ordered Mr. Staege jailed for seven days. At the time of this finding of contempt and his service of the jail term, Mr. Staege was a candidate for election to the office of municipal judge, to which he was elected in April, 1989. He appealed the contempt order and it was affirmed by the court of appeals on December 13, 1989.

On February 22, 1990 the circuit court again found now-Judge Staege in contempt of the court's orders to clean up his property and ordered him incarcerated until either the property was in its proper state as earlier ordered or he had served six months in jail. The court stayed the jail sentence until June 1, 1990 to permit him to purge the contempt by bringing his property into compliance. On June 1, 1990 the court found that Judge

23

Staege had not complied fully with the court's order and three days later he was committed to the Racine county jail for contempt of court.

The court stayed the jail sentence on July 2, 1990, viewed the property and found Judge Staege in contempt of court. It then vacated the stay and ordered the judge to be jailed until the subject property was put in its proper state as earlier ordered or until he had served six months in jail. He purged his contempt on October 19, 1990 and was released from custody.

On March 19, 1991 Judge Staege pleaded no contest to and was convicted of contempt, in violation of sec. 785.01(1)(b), Stats.,[3] committed on or between June, 1988 and August, 1989. His term as municipal judge expired April 30, 1991 and he is no longer municipal judge.

On the basis of these facts, the panel concluded that Judge Staege violated SCR 60.13, which prohibits a judge from indulging in "gross personal misconduct." The panel noted this court's holding in *Judicial Disciplinary Proceedings Against Van Susteren,* 118 Wis. 2d 806, 348 N.W.2d 579 (1984), that a judge's failure to obey a court order constitutes gross personal misconduct. The panel concluded that, as there was no evidence that his failure to obey the court order was the result of duress or coercion, Judge Staege's violation of SCR 60.13 was wilful and therefore constituted judicial misconduct as defined in sec. 757.81(4)(a), Stats.

In its report, the panel noted that because Mr. Staege is no longer municipal judge, he cannot be removed from judicial office. Nevertheless, the panel

----

[3]Section 785.01, Stats., provides: "**Definitions.** In this chapter: (1) 'Contempt of court' means intentional: . . . (b) Disobedience, resistance or obstruction of the authority, process or order of a court;"

considered his violation of the circuit court order as warranting discipline more severe than reprimand or censure. As discipline for that misconduct, then, the panel recommended that the court suspend Mr. Staege from eligibility for the position of municipal judge for five years.

In his brief filed in this review, Mr. Staege's sole contention is that the panel erred in concluding that his having been found in contempt of court constituted "gross personal misconduct" for the reason that there was no evidence presented concerning the effect that conduct had on the public's respect for the judicial system. He contended that without evidence from members of the public concerning its perception of the judicial system in light of his conduct, the panel was not justified in concluding that his contempt of court and his being jailed for it undermined the public's respect for the judicial system. He asserted that the panel engaged in speculation or merely expressed its own personal beliefs rather than basing its conclusion on facts elicited in the disciplinary proceeding.

Mr. Staege's argument has no merit. In *Van Susteren*, we held that a judge's failure to obey a court order constitutes gross personal misconduct in violation of the Code of Judicial Ethics, even when the judge is acting in a private capacity. 118 Wis. 2d 806, 815. On the basis of the admitted facts, no evidence concerning the effect of the municipal judge's conduct on the public's respect for the judicial system was necessary to support the panel's conclusion.

On the issue of discipline, the Judicial Commission argued that the five-year suspension from eligibility to serve as a municipal judge recommended by the panel is warranted by the seriousness of Judge Staege's misconduct and the likelihood that it will recur, based on his

failure to comprehend the seriousness of his contempt for the system of justice he, as municipal judge, had been sworn to uphold. We disagree. We determine that a three-year suspension from eligibility for the office of municipal judge is discipline commensurate with the seriousness of Judge Staege's misconduct.

IT IS ORDERED that Glenn Staege is suspended from eligibility for the position of municipal judge for a period of three years, commencing the date of this order.